UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

UNITED STATES OF AMERICA

- against -

JAMES ROBINSON,

             Defendant.

------------------------------------------------------- X

**MEMORANDUM OPINION AND ORDER**

15-cr-74 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/28/15

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

        On July 9, 2015, a jury convicted James Robinson of one count of conspiracy to commit bank fraud in violation of section 1349 of Title 18 of the United States Code. Robinson now seeks a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. For the foregoing reasons, Robinson's motion is DENIED.

## I. BACKGROUND

        At trial, the Government presented both documentary and testimonial evidence demonstrating that Robinson and several co-conspirators opened bank accounts in the name of, and in names similar to, Undertone (a digital advertising firm located in Manhattan). Robinson and his co-conspirators deposited checks that were intended for Undertone into these fraudulent accounts, then withdrew the

proceeds and distributed the cash among themselves in a relatively simple check theft scheme.[1]

Eight witnesses testified for the Government, including a cooperating witness, Kenneth Nadolny. Nadolny provided extensive testimony as to Robinson's participation in the check theft scheme. The Government also introduced substantial documentary evidence, including an Undertone check endorsed by Robinson and several checks from fraudulent bank accounts made out to Robinson, as proof of Robinson's connection to and knowledge of the conspiracy.[2]

## II.   LEGAL STANDARD ON RULE 29 MOTION

The legal standards applicable to motions for judgments of acquittal pursuant to Rule 29 are well-established. To prevail on a Rule 29 motion, a defendant must show that "the evidence is insufficient to sustain a conviction."[3] "[A] defendant making an insufficiency claim bears a very heavy burden."[4] "The

---

[1] *See* Government's Memorandum of Law in Opposition to Defendant's Motion for Judgment of Acquittal ("Opp. Mem.") at 1-2.

[2] *See id.* at 5-6.

[3] Fed. R. Crim. P. 29(a).

[4] *United States v. Rivera*, 273 Fed. App'x 55, 58 (2d Cir. 2008) (quoting *United States v. Desena*, 287 F.3d 170, 177 (2d Cir. 2002)). *Accord United States v. Best*, 219 F.3d 192, 200 (2d Cir. 2000).

motion must be denied if, after viewing the evidence in the light most favorable to the prosecution, the court concludes that '*any rational trier of fact* could have found the essential elements of the crime established beyond a reasonable doubt.'"[5] The court may enter a judgment of acquittal only "if the evidence is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt."[6] A defendant's burden is heavier still in the case of a conspiracy conviction, where "deference to a jury's findings is especially important . . . because a conspiracy is by its very nature a secretive operation, and it is a rare case where all aspects of a conspiracy can be laid bare in court."[7]

A court must grant a motion under Rule 29 if there is "no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable

---

[5] *United States v. Cacace*, 796 F.3d 176, 191 (2d Cir. 2015) (quoting *United States v. Moore*, 54 F.3d 92, 100 (2d Cir. 1995) (emphasis added)).

[6] *United States v. Wexler*, 522 F.3d 194, 209 (2d Cir. 2008) (quotation omitted).

[7] *United States v. Snow*, 462 F.3d 55, 68 (2d Cir. 2006) (citations omitted). *Accord United States v. Mulder*, 273 F.3d 91, 109 (2d Cir. 2001) ("We must be especially deferential when reviewing a conspiracy conviction" for legal sufficiency).

doubt."[8]  "[I]f the evidence viewed in the light most favorable to the prosecution gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, then a reasonable jury must necessarily entertain a reasonable doubt."[9]

In considering the sufficiency of the evidence, the court must "view all of the evidence in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor."[10]  A court must analyze the pieces of evidence not separately, in isolation, but together, in conjunction with one another.[11]  "This is so because the sufficiency test 'must be applied to the totality of the government's case and not to each element, as each fact may gain color from others.'"[12]

"The assessment of witness credibility lies solely within the province of the jury, and the jury is free to believe part and disbelieve part of any witness's

---

[8] *United States v. Irving*, 452 F.3d 110, 117 (2d Cir. 2006) (quotation omitted).

[9] *United States v. Hawkins*, 547 F.3d 66, 71 (2d Cir. 2008).

[10] *United States v. Ware*, 577 F.3d 442, 447 (2d Cir. 2009).

[11] See *United States v. Aguiar*, 737 F.3d 251, 264 (2d Cir. 2013).

[12] *United States v. Cuti*, 720 F.3d 453, 462 (2d Cir. 2013) (quoting *United States v. Guadagna*, 183 F. 3d 122, 130 (2d Cir. 1999)).

<256>testimony . . . ."[13] "'[T]he task of choosing among competing, permissible inferences is for the fact-finder, not for the reviewing court.'"[14] Furthermore, "'the jury's verdict may be based on entirely circumstantial evidence.'"[15] Because the jury is entitled to choose which inferences to draw, the Government, in presenting a case based on circumstantial evidence, "need not negate every theory of innocence.'"[16] But "'a conviction based on speculation and surmise alone cannot stand.'"[17]

## III. DISCUSSION

### A. Nadolny's Testimony

Defendant's motion for a judgment of acquittal is based entirely on the argument that no rational jury could have relied on the Government's cooperating

---

[13] *Ware*, 577 F.3d at 447.

[14] *Cuti*, 720 F.3d at 462 (quoting *United States v. McDermott*, 245 F.3d 133, 137 (2d Cir. 2001)).

[15] *United States v. Goffer*, 721 F.3d 113, 124 (2d Cir. 2013) (quoting *United States v. Santos*, 541 F.3d 63, 70 (2d Cir. 2008)).

[16] *Aguiar*, 737 F.3d at 264 (quoting *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir. 2000)). *Accord United States v. Reyes*, 302 F.3d 48, 56 (2d Cir. 2002) (by "discount[ing] evidence of guilty knowledge entirely because there were possible . . . innocent explanations for [defendant's] conduct," the district court "failed to view the evidence in the light most favorable to the [G]overnment").

[17] *Santos*, 541 F.3d at 70 (quoting *United States v. D'Amato*, 39 F.3d 1249, 1256 (2d Cir. 1994)).

witness to determine Robinson was involved in the check fraud conspiracy of which he was accused. Robinson argues that Nadolny's testimony was inherently incredible as a matter of law, citing to various perceived defects in his testimony and calling his credibility as a witness into question.[18] However, "the proper place for a challenge to a witness's credibility is in cross-examination and in subsequent argument to the jury . . . not in a motion for a judgment of acquittal."[19] A court can override the jury's credibility determination only in the extraordinarily rare circumstance where the witness's testimony is inherently incredible, defying the laws of nature or other "physical realities."[20] Nadolny's testimony does not nearly rise to that level. A rational jury could have accepted Nadolny's testimony linking Robinson to the conspiracy as true, and based its conviction on such testimony.

### B. Other Evidence

The Government presented substantial evidence in addition to Nadolny's testimony connecting Robinson to the conspiracy.[21] This evidence

---

[18] *See* Defendant's Motion for a Judgment of Acquittal Pursuant to Federal Rule of Criminal Procedure 29 at 4-6.

[19] *United States v. Truman*, 688 F.3d 122, 129 (2d Cir. 2012).

[20] *United States v. Colombo*, No. 04 Cr. 273, 2007 WL 2438374, at *2 (S.D.N.Y. Aug. 27, 2007).

[21] Tellingly, Robinson does not reference any of this evidence in his briefing on this motion, and declined to reply to the Government's opposition.

included a stolen Undertone check endorsed by Robinson, forged letters purporting to give Robinson authority to deposit and release funds on behalf of Undertone, checks written out of fraudulent bank accounts and made payable to Robinson, and phone records showing the defendant was in regular contact with other co-conspirators.[22] There was ample evidence supporting the jury's conviction; Robinson's Rule 29 motion would be denied even without Nadolny's testimony.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion for a judgment of acquittal is DENIED. The Clerk of the Court is directed to close this motion (Dkt. No. 57).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:    New York, New York
          September 28, 2015

---

[22] *See* Opp. Mem. at 5-6.

## -Appearances-

**For the Government:**

Robert Lee Boone
A. Damian Williams
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2200, -2290

**For Defendant:**

Donald duBoulay, Esq.
305 Broadway, Suite 602
New York, NY 10013
(212) 966-3970